**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WILLIAM PEYTON**                                                                                          **PLAINTIFF**

**V.                              CASE NO. 5:14CV00386-BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**                                                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Peyton appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.      Background**

On June 16, 2009, Mr. Peyton protectively filed for benefits due to cardiomyopathy, depression, and hypertension. (Tr. 119, 313) An Administrative Law Judge ("ALJ") denied Mr. Peyton's claims in a September 22, 2011 decision, but the ruling was remanded by the Appeals Council. (Tr. 119-128, 135-137) Upon remand, the ALJ held a hearing on February 19, 2013, where Mr. Peyton appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Peyton and a vocational expert ("VE"). (Tr. 81-111)

The ALJ issued a decision on May 16, 2013, finding that Mr. Peyton was not disabled under the Act. (Tr. 20-36) On August 25, 2014, the Appeals Council denied

Mr. Peyton's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3) On October 22, 2014, Mr. Peyton filed this appeal. (Docket entry #2) The parties have filed their briefs, and the case is ready for decision.[1]

Mr. Peyton, who was forty-nine years old at the time of the hearing, has some college credits and past relevant work as a clothing sales person, LPN, and HVAC salesperson. (Tr. 86, 105)

## II. Decision of the Administrative Law Judge[2]

The ALJ found that Mr. Peyton had not engaged in substantial gainful activity since September 1, 2008, and had the following severe impairments: cardiomyopathy status post pacemaker implantation, hypertension, and congestive heart failure. (Tr. 23) Mr. Peyton did not have an impairment or combination of impairments, however, that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (Tr. 24)

According to the ALJ, Mr. Peyton retained the residual functional capacity ("RFC") to perform sedentary work with no significant bending, stooping, crouching, or

---

[1] The parties have consented to the jurisdiction of a magistrate judge. (#7)

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) and 20 C.F.R. § 404.1520(a)-(g).

[3] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 426.930(d), 416.925, and 416.926.

climbing. (Tr. 25) The VE testified that telemarketing jobs were available with these limitations. (Tr. 109) Accordingly, the ALJ determined that Mr. Peyton could perform a number of jobs in the national economy and was not disabled.

## III.     Analysis

### A.     Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

### B.     Mr. Peyton's Argument for Reversal

Mr. Peyton asserts that the Commissioner's decision should be reversed because the ALJ: (1) failed to provide evidence of jobs existing in the national economy; and (2) improperly used the medical-vocational guidelines. (Docket entry #19)

### 1. Jobs in National Economy

Mr. Peyton argues that the ALJ failed to provide evidence that work existed that he could perform because the VE's testimony "does not indicate an individual with the stated residual functional capacity could perform telemarketing jobs." (*Id*.) Basically, Mr. Peyton takes issues with the question and answer exchange between the ALJ and VE. The ALJ asked the VE to consider a hypothetical person with the same work history and education as Mr. Peyton who would be limited to sedentary work with no significant stooping, crouching, or bending. After the VE testified that this hypothetical person would not be able to do any of Mr. Peyton's past relevant work, the ALJ asked if any skills would be transferable. The VE testified that some skills would transfer, and the hypothetical person could work as a telemarketer. (Tr. 107-109)

As required, the hypothetical set out the limitations relevant to the impairments and the VE understood the hypothetical. Additionally, Plaintiff's counsel understood the hypothetical, because he followed-up with a question "add[ing] one more variable to the Judge's hypothetical." (Tr. 109)

Mr. Peyton also argues that the VE's response considered only general sedentary work and did not consider the limitation of no significant bending, stooping, crouching, or climbing. Even if this were true, the argument is without merit because the limitations in the RFC "would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." Social Security Ruling 96-9p, 1996 WL 374185, at *7.

4

### 2. Medical-Vocational Guidelines

Mr. Peyton also argues that the ALJ erred by basing his findings on the Medical-Vocational Guidelines. Although the ALJ mentioned the Medical-Vocational Guidelines in his opinion, he also cited and relied on the VE's testimony There was no error.

## IV. Conclusion

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision. There is no legal error.

Accordingly, Mr. Peyton's appeal is DENIED, and the Clerk of Court is directed to close the case. The hearing scheduled for August 13, 2015 is cancelled.

IT IS SO ORDERED, this 5th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE